McDonald v. Barr

BIA
Conroy, IJ
A043 401 844

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand twenty.

PRESENT:
>     GUIDO CALABRESI,
>     DENNY CHIN,
>     SUSAN L. CARNEY,
>         *Circuit Judges.*

_____

KINGSLEY JUNIOR MCDONALD, AKA
KINGSLEY MCDONALD,
>     *Petitioner,*

v.                                                      19-3697
                                                        NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:        Craig Relles, Esq., White Plains,
                       NY.

FOR RESPONDENT:        Ethan P. Davis, Acting Assistant
                       Attorney General; Melissa Neiman-
                       Kelting, Assistant Director;
                       Giovanni B. Di Maggio, Trial
                       Attorney, Office of Immigration
                       Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Kingsley Junior McDonald, a native and citizen of Jamaica, seeks review of an October 9, 2019 decision of the BIA affirming a November 5, 2018 decision of an Immigration Judge ("IJ") denying protection under the Convention Against Torture ("CAT"). *In re Kingsley Junior McDonald,* No. A043 401 844 (B.I.A. Oct. 9, 2019), *aff'g* No. A043 401 844 (Immig. Ct. N.Y.C. Nov. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Although our jurisdiction to review a final order of removal is limited to constitutional claims and questions of law when, as here, the noncitizen is removable for having committed certain criminal offenses, that limitation does not apply to our review of agency orders denying CAT relief. *See Nasrallah*

2

*v. Barr*, 140 S. Ct. 1683, 1694 (2020). The applicable standards of review are well established. *See Manning v. Barr*, 954 F.3d 477, 484 (2d Cir. 2020) (reviewing questions of law de novo and factual findings for substantial evidence). The agency erred in finding that, although a Jamaican gang likely specifically intends to torture McDonald, he did not establish that the Jamaican government would likely acquiescence to his torture.

To be eligible for CAT relief, an applicant is required to show that he would "more likely than not" be tortured by or with the acquiescence of government officials. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004). "A *private* actor's behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government official is aware of the persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene." *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007). Therefore, "[i]n terms of state action, torture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam*, 361 F.3d at 171. "Where a government contains officials that would be complicit in torture, and

3

that government, on the whole, is admittedly incapable of actually preventing that torture, the fact that some officials take action to prevent the torture . . . [is] neither inconsistent with a finding of government acquiescence nor necessarily responsive to the question of whether torture would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *De La Rosa v. Holder*, 598 F.3d 103, 110 (2d Cir. 2010) (internal quotation marks omitted).

The agency did not adequately explain its conclusion that McDonald failed to show likely government acquiescence. It observed that police had opened an investigation into his father's murder by gangs in Jamaica and provided protection at his father's funeral, reasoning from those observations that the police would not likely acquiesce in the gang's torture of McDonald. But the record does not establish that the police actually conducted an investigation or that the murder was solved. More importantly, the IJ found that McDonald cannot safely report to police the threat posed to him by the gang that killed his father because the Jamaican government and police force are closely linked with the gang. Neither the IJ nor the BIA evaluated how this apparent

government complicity would likely bear on the government's acquiescence in the gang's prospective assaults on McDonald were he to be removed to Jamaica. *See De La Rosa*, 598 F.3d at 110; *see also Scarlett v. Barr*, 957 F.3d 316, 336 (2d Cir. 2020) (remanding when the agency failed to give "reasoned consideration to all relevant evidence and all principles of law applicable to determining government acquiescence in . . . torture"). If it is too dangerous for McDonald to report his likely torture by a gang to Jamaican police, it would seem that government officials, through their ties with the gang, have chosen to remain willfully blind to the threat that gang poses. In light of this apparent inconsistency in the agency's reasoning, we remand for clarification, for additional analysis, and for a more reasoned determination. *See De La Rosa*, 598 F.3d at 110; *Scarlett*, 957 F.3d at 336.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5